GLICKSTEIN, Judge.
Appellant seeks reversal of the trial court’s denial of his motion for postconviction relief. We affirm because there were legitimate bases upon which the trial court could conclude that appellant failed to es *1097 tablish his claim of ineffective assistance of counsel; namely, the absence of any allegation in the motion that the public defender knew appellant to be an alien subject to deportation and the flimsy evidence of such knowledge.
The motion filed by appellant merely alleged that appellant was a Canadian citizen but had resided in this country since 1963; and that his counsel never informed him prior to pleading guilty that he could be deported following conviction of a crime. Nevertheless, the trial court conducted an evidentiary hearing in reliance upon Edwards v. State, 393 So.2d 597 (Fla. 3d DCA), pet. for rev. den. 402 So.2d 613 (Fla.1981). At the hearing in 1981 the assistant public defender who represented appellant in 1978 when he pled guilty to two counts of robbery [1] testified that he did not recall if he did or did not inform appellant of the possibility of deportation. He stated that he knew appellant was from Canada but that he could not recall if there was any indication that appellant was not an American citizen. On direct examination, appellant solely testified that he was not informed prior to entry of his plea that deportation was a consequence of conviction. On cross-examination by the assistant state attorney, the following took place:
Q. At the time you were discussing the plea with your attorney, did you — you knew that you were an alien, you were not a citizen of this country; is that correct?
A. I have known that since 1963, sir.
Q. Did you say anything to your lawyer about that?
A. He more or less phrased it the same way that he knew that I was an alien and I knew I was not an American citizen and I did not know it would have any bearing on the case, at the time.
Such speck of recollection upon the subject, going back over three years, was not convincing evidence to the trial judge that appellant had met his burden of meeting the criteria set forth in Knight v. State, 394 So.2d 997, 1001 (Fla.1981); and we see no legally compelling reason to overrule the exercise of his judgment.
LETTS, C.J., and DOWNEY, J., concur.

. Appellant was sentenced to concurrent fifteen year sentences with a mandatory three year minimum because of possession of a firearm.